FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 DEC 23 PM 1:45
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL GEORGE SHANNON, )
)
    Plaintiff, )
)
v. ) CASE NO. CV417-041
)
ANDREW SAUL, Commissioner of )
Social Security, )
)
    Defendant. )
)

**O R D E R**

Before the Court is Plaintiff Michael George Shannon's Motion for Attorney's Fees Under the Equal Access to Justice Act. (Doc. 22.) Plaintiff's counsel seeks an award of fees in the amount of $4,133.94 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Id. at 2.) The Government objects, arguing that Plaintiff's request for fees should be denied because the Commissioner's position was substantially justified. (Doc. 23 at 2.) Plaintiff has not filed a brief in reply.

EAJA fees are "available only when the government's position is not 'substantially justified.' " Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). The fees are not available "every time a claimant prevails— only when the Commissioner's position lacks 'a reasonable basis in law and fact.' " Id. (quoting Pierce v. Underwood,

487 U.S. 552, 566 n.2, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988)). The government's position is substantially justified under the EAJA "when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997) (quoting United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995)). See also Bergen, 454 F.3d at 1277. "A position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n.2, 108 S. Ct. at 2550 n.2.

The Commissioner argues that his position in regards to the Administrative Law Judge's ("ALJ") misstatement of Dr. Seth Eisenburg's global assessment of function ("GAF") score was substantially justified. (Doc. 23 at 3.) Specifically, the Commissioner points to the fact that Magistrate Judge Smith agreed with the Commissioner's position and found this misstatement to be harmless error. (Id.) The Commissioner also cites to the fact that the law provides that a misstatement of fact may be harmless error where it does not undermine the ALJ's decision. (Id.)

2

This Court finds that the Commissioner was substantially justified in taking the position it did regarding the ALJ's treatment of Dr. Eisenburg's GAF score. The Commissioner argued in his brief that the misstatement of the GAF score was harmless because substantial evidence otherwise supports the ALJ's mental residual functional capacity ("RFC") assessment. (Doc. 12 at 11.) This position was based upon evidence in the record and included citations to Plaintiff's treatment history, other examinations, and Plaintiff's own statements, testimony, and reported activities. (Id.) Moreover, the Commissioner's position did have a reasonable basis in law. The law of this circuit has routinely found that a misstatement of fact or an error that did not affect the ultimate conclusion of the ALJ can be harmless error. See Pichette v. Barnhart, 185 F. App'x 855, 856 (11th Cir. 2006) (finding the ALJ's consideration of a report to be harmless error); Tillman v. Comm'r, Soc. Sec. Admin., 559 F. App'x 975 (11th Cir. 2014) (stating that when an ALJ's error does not affect its ultimate findings, the error is harmless); Lacina v. Comm'r, Soc. Sec. Admin., 606 F. App'x 520, 527 (11th Cir. 2015) (finding ALJ's failure to account for GAF scores was, at most, harmless error given the Commissioner's position on GAF scores and the ALJ's full

3

consideration of the evidence regarding claimant's mental impairments). Thus, while the Court did not ultimately agree with the Commissioner's stance, the Court finds that there was a reasonable basis in law and fact to support the Commissioner's arguments and finds that the Commissioner's position in this litigation was substantially justified. Accordingly, Plaintiff is not entitled to an award of attorneys' fees and costs under the EAJA. Plaintiff's Motion for Attorneys' Fees (Doc. 22) is **DENIED**.

SO ORDERED this 23RD day of December 2019.

_____
WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA